# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RAMAAN J. IMANI,

      Petitioner,

v.

UNITED STATES OF AMERICA,

      Respondent.

Case No. 25-CV-483-JPS

**ORDER**

   On April 1, 2025, Petitioner Ramaan J. Imani ("Petitioner") moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. ECF No. 1. The Court will now screen Petitioner's motion.

## 1.  BACKGROUND

   Petitioner's § 2255 motion arises from his criminal proceedings before this Court in *United States v. Ramaan J. Imani*, 22-CR-164-JPS (E.D. Wis.).[1] In August 2022, a grand jury indicted Petitioner on three counts, including for possessing a firearm as a felon. CR-ECF No. 1. In March 2023, Petitioner agreed to plead guilty to two counts. ECF No. 19. His plea agreement included an appellate waiver, providing that Petitioner agreed to waive his right to challenge his conviction or sentence "in any post-conviction proceeding, including . . . a motion pursuant to 28 U.S.C. § 2255." *Id.* at 11. The waiver explicitly did not apply to a post-conviction motion based on the imposition of "punishment in excess of the statutory maximum"; "the sentencing court's reliance on any constitutionally impermissible factor, such as race, religion, or sex"; "ineffective assistance

---

[1]Docket references thereto will be cited as CR-ECF.

of counsel in connection with the negotiation of the plea agreement or sentencing"; or "a claim that the plea agreement was entered involuntarily." *Id.* In November 2023, the Court sentenced him to a total term of ninety months' imprisonment, to operate to run concurrently with the balance of two state sentences and consecutively to a third state sentence. ECF No. 40 at 2.

Petitioner now moves for the Court to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. ECF No. 1. Petitioner is incarcerated at Big Sandy USP with an anticipated release date in July 2029. Inmate Locator, FED. BUREAU OF PRISONS, available at https://www.bop.gov/inmateloc/ (last visited May 27, 2025).

## 2. SCREENING

The Court must now screen Petitioner's motion pursuant to Rule 4 of the Rules Governing Section 2255 Cases. At the screening stage,

> [i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4(b), Rules Governing Section 2255 Proceedings. The Court accepts as true a petitioner's well-pleaded factual allegations but not any legal conclusions. *See Gibson v. Puckett*, 82 F. Supp. 2d 992, 993 (E.D. Wis. 2000) (citing *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976)). The Court ordinarily analyzes preliminary procedural obstacles, such as whether the petitioner has complied with the statute of limitations, avoided procedural default, and set forth cognizable claims. If those issues do not preclude a

merits review of the claims, the Court directs the Government to respond to the petition.

The Court first considers whether Petitioner's motion is timely. Section 2255(f) provides a one-year period in which to file a motion. 28 U.S.C. § 2255(f). That period typically runs from the date on which the judgment of conviction becomes final. *Id.* "[T]he Supreme Court has held that in the context of postconviction relief, finality attaches when the Supreme Court 'affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.'" *Robinson v. United States*, 416 F.3d 645, 647 (7th Cir. 2005) (quoting *Clay v. United States*, 537 U.S. 522, 527 (2003)). Alternatively, "[i]f a defendant does not appeal, his conviction becomes final when his opportunity to appeal expires." *Juarez v. United States*, No. 18-3309, 2022 U.S. Dist. LEXIS 45610, at *4 (C.D. Ill. March 15, 2022) (citing *Clay*, 537 U.S. at 524–25).

Petitioner did not appeal. CR-ECF No. 65. His judgment of conviction was entered August 2, 2024. CR-ECF No. 63. He had until Friday, August 16, 2024 to appeal. Fed. R. App. P. 4(b)(1)(A) ("In a criminal case, a defendant's notice of appeal must be filed within 14 days after the later of the entry of either the judgment or the order being appealed; or the filing of the government's notice of appeal."). He did not do so, and so his conviction became final for § 2255 purposes one year later—on August 16, 2025. His petition is therefore timely.

The Court next considers whether any of Petitioner's claims suffer from procedural default. Section 2255 relief is appropriate if the Court determines that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to

impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). However, this form of action is not a substitute for a direct appeal. *Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007) (citing *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996)). Therefore, any claims that a petitioner did not properly raise at trial or on direct appeal are typically procedurally defaulted, and he cannot raise them in a § 2255 motion. *Torzala v. United States*, 545 F.3d 517, 522 (7th Cir. 2008).

Petitioner asserts in his petition that the plea agreement into which he entered should be deemed void on the ground that "his [§] 922(g) [charge]" was found "unconstitutional in nature[] in *New York Rifle & Pistol Ass'n v. Bruen*[,] 597 U.S. [1] (2022) [and] *United States v. Rahimi*[,] 602 U.S. 680 (2024)." ECF No. 1 at 1 (italics added). That is the sole ground for relief that Petitioner raises. *See generally id.* But that ground is procedurally defaulted because Petitioner never appealed, and his time to appeal has expired. ECF No. 65; Fed. R. App. P. 4(b)(1)(A). His ground for relief is accordingly procedurally defaulted.

In any event, that ground for relief also falls within the scope of the appellate waiver. "It is well-settled that appellate waivers in plea agreements are generally enforceable." *United States v. Chapa*, 602 F.3d 865, 868 (7th Cir. 2010) (citing *United States v. Emerson*, 349 F.3d 986, 988 (7th Cir. 2003) and *United States v. Nave*, 302 F.3d 719, 720–21 (7th Cir. 2002)). The Court enforces an appellate waiver if its terms are "express and unambiguous," and the record shows that Petitioner "knowingly and voluntarily" entered into the agreement. *Id.* (first quoting *United States v. Woolley*, 123 F.3d 627, 632 (7th Cir. 1997) then quoting *United States v. Jemison*, 237 F.3d 911, 917 (7th Cir. 2001)). Those elements are met here. The

appellate waiver was set forth plainly in the plea agreement under a bolded, underlined header entitled "Defendant's Waiver of Rights." ECF No. 19 at 9–11. Petitioner averred that he read the agreement, discussed its meaning and implications with his attorney, and that he understood it. *Id.* at 14; *see also generally* CR-ECF No. 49. There is no indication that Petitioner entered into the plea agreement unknowingly or involuntarily. The appellate waiver is therefore enforceable and bars Petitioner's claim.

3. **CONCLUSION**

In light of the foregoing, the Court is obligated to deny Petitioner's § 2255 motion. Under Rule 11(a) of the Rules Governing Section 2255 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Petitioner must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). Because Petitioner's motion inescapably mandates denial, as explained above, the Court cannot fairly conclude that reasonable jurists would debate whether the motion should be decided differently; as a consequence, the Court must deny a certificate of appealability.

Accordingly,

**IT IS ORDERED** that Petitioner Ramaan J. Imani's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, ECF No. 1, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that a certificate of appealability as to Petitioner Ramaan J. Imaani's motion be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 27th day of May, 2025.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge

> This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.